1 | Scott Alan Burroughs (SBN 235718)
2 | scott@donigerlawfirm.com
3 | Trevor W. Barrett (SBN 287174)
4 | tbarrett@donigerlawfirm.com
5 | Andres Navarro (SBN 358499)
6 | anavarro@donigerlawfirm.com
7 | DONIGER/BURROUGHS
8 | 603 Rose Avenue
9 | Venice, California 90291
10 | Telephone: (310) 590-1820
11 | *Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> JVCKENWOOD USA CORPORATION, a California corporation; and DOES 1-10, <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR: <br><br> 1. Copyright Infringement; and <br> 2. Vicarious and/or Contributory Infringement <br><br> <u>Jury Trial Demanded</u> |

Plaintiff Elliot McGucken ("Plaintiff" or "McGucken"), by and through his undersigned attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Elliot McGucken is an individual residing in Los Angeles.

5. Plaintiff is informed and believes and thereon alleges that Defendant JVCKENWOOD USA CORPORATION ("JVC") is a California corporation and is doing business in and with the State of California.

6. Defendants Does 1 through 10, inclusive, (together with JVC, "Defendants") are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

8. McGucken is an acclaimed photographer who created and owns the original photograph depicted in **Exhibit A** attached hereto ("Subject Photograph").

9. McGucken has registered the Subject Photograph with the U.S. Copyright Office.

10. Prior to the acts complained of herein, McGucken published and widely publicly displayed and disseminated the Subject Photograph including without limitation on McGucken's website *www.mcgucken.com*.

11. Following McGucken's dissemination and display of the Subject Photograph, Defendants, and each of them, copied, reproduced, displayed, distributed, created derivative works, and/or otherwise used the Subject Photograph without license, authorization, or consent, including by using the Subject Photograph on Defendants' product packaging to commercially advertise same. The Infringing Uses were created, published, and distributed by Defendants and made widely and publicly available online. True and correct, non-inclusive screen captures of the Infringing Uses are included in **Exhibit A** hereto.

12. A comparison of the Subject Photograph with the corresponding images of the Infringing Uses reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

13. McGucken is informed and believes and thereon alleges that Defendants, and each of them, were involved in creating and/or developing the Infringing Uses, and/or supplying, marketing, distributing, selling, and otherwise providing the Infringing Uses to third parties, including without limitation, to the public.

14. McGucken has not in any way authorized Defendants, or any of them, to copy, reproduce, display, distribute, create derivative works of, or otherwise use the Subject Photograph.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement - Against All Defendants, and Each)**

15. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16. On information and belief, McGucken alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through (a) viewing the Subject Photograph on McGucken's website, (b) viewing the Subject Photograph online, and (c) viewing the Subject Photograph through a third party. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Uses.

17. On information and belief, McGucken alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph, including without limitation as seen in **Exhibit A** attached hereto

18. On information and belief, McGucken alleges that Defendants, and each of them, infringed McGucken's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

19. Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph in an amount to be established at trial.

21. On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

# SECOND CLAIM FOR RELIEF

## (Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

22. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23. On information and belief, McGucken alleges that Defendants knowingly induced, participated in, aided, and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing a photograph obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants.

24. On information and belief, McGucken alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Uses, and were able to supervise the display, distribution, and publication of the Infringing Uses.

25. On information and belief, Plaintiff alleges that Defendants, and each of them, published and authorized the re-publication of the Subject Photograph without consent to third parties, financially benefited from this publication, and had the right to recall the re-publications or otherwise stop or limit the infringement.

26. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the

Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph, in an amount to be established at trial.

28. On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photographs, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photographs from their respective websites and marketing and advertisement materials.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

     c.     That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

     d.     That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*;

     e.     That Plaintiff be awarded his costs and fees under the statutes set forth above;

     f.     That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

     g.     That Plaintiff be awarded pre-judgment interest as allowed by law;

     h.     That Plaintiff be awarded the costs of this action; and

     i.     That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 6, 2025

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff

## EXHIBIT A
### SUBJECT PHOTOGRAPH



### INFRINGING USES



